Jennifer E. Yruegas 99406
jennifer.yruegas@jyconsultants.com
JY Consultants P.C.
409 NW 18th St.
Portland, Oregon 97209
Telephone: 503-866-1414
Facsimile: 503-296-2845
**Attorney for Plaintiff Jeffrey Hopkins**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY S. HOPKINS,** | CV '06.152   ST<br>Case No.: |
| Plaintiffs, | **COMPLAINT** |
| vs. | (Assault; Intentional Infliction |
| **JEREMY JONES,** | of Emotional Distress; Tortious Interference with Parental |
| Defendants. | Rights) Demand for Jury Trial |

Plaintiff alleges:

## PARTIES

1.

Plaintiff Jeffrey (hereinafter "Plaintiff") is an individual who resides in Nyssa, Oregon.

2.

Plaintiff is a citizen of the State of Oregon and was an Oregon citizen at all times pertinent and relevant to the incidents described in this Complaint.

3.

Defendant Jeremy Jones (hereinafter "Defendant Jones") is an individual who resides in the State of Idaho.

Complaint 7718 Page - 1

4.

Defendant Jones is a citizen of the State of Idaho and was an Idaho citizen at all times pertinent and relevant to the incidents described in this Complaint.

5.

Defendant Jones is a newly appointed police officer for the city of Parma, Idaho who has yet to attend formal police training.

6.

Defendant Jones worked part time in the state of Oregon, in Plaintiff's hometown, Nyssa, Oregon.

7.

At the time he was assaulted, subjected to intentional infliction of emotional distress and interference of the Plaintiffs' parental rights occurred by Defendant Jones as hereinafter described, Plaintiff was 26-years old and was the father of the minor children Shanyn and Justyn Hopkins. Plaintiff also held full custody of the minors with only limited visitation allowed to Defendant Jones wife.

8.

At the time Defendant Jones assaulted Plaintiff interfered with his Parental Rights and inflicted emotional distress upon Plaintiff he was married to Crystal Jones, the mother of the minor children Shanyn and Justyn Hopkins and x-wife of Plaintiff.

## JURISDICTION AND VENUE

9.

Plaintiff is a citizen of the State of Oregon for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10.

Defendant Jones is a citizen of the State of Idaho for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11.

This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiff and Defendant Jones.

12.

The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.000), exclusive of interest and costs.

13.

Defendant Jones is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391.

14.

Defendant Jones, a nonresident of Oregon, is subject to the jurisdiction of this Court pursuant to the Or.R.Civ.P.4 A(4) and C in that Defendant Jones is engaged in substantial and not isolated activities within this state and committed a tortious act causing injury to a person within Oregon arising out of an act or omission within Oregon.

## **FIRST CLAIM FOR RELIEF**
### ASSAULT

15.

Defendant Jones has harassed Plaintiff in a threatening manner refusing to allow proper retrieval of Plaintiff's minor children both within the state of Oregon and Idaho. Upon retrieval

of the children Plaintiff is subjected to Defendant Jones' harassment, acts of violence and threats of violence and or intimidation.

16.

On January 11, 2006 in Parma, Idaho, Plaintiff in an effort to retrieve his minor children from Defendant Jones' home simply honked his horn once (a normal alert for the children to come out from Defendant Jones' home). Defendant Jones was inside his home with fellow local police officers. Upon Defendant Jones urging and insistence, Defendant's friend a fellow police officer approached Plaintiff in front of his minor children and threatened Plaintiff with arrest and brandished his gun in an attempt of intimidation against Plaintiff.

17.

Without consent or privilege, by an overt act directed at Plaintiff, Defendant Jones caused Plaintiff reasonably to believe that he would immediately suffer a battery and Defendant Jones himself and or through his agents possessed the ability to carry out the battery.

18.

During the intimidation and harassment caused and directed by Defendant Jones, the fellow officer's gun was overtly brandished as if it were to be used against Plaintiff. Plaintiff did nothing to provoke neither Defendant Jones nor the officer that Defendant Jones directed to assault Plaintiff. Plaintiff was in the process of retrieving his minor children in compliance with a court mandated Parenting Time Order when the assault occurred. Defendant Jones' conduct caused Plaintiff to believe that he was about to or would imminently face bodily harm and an unwarranted arrest. As a result, Plaintiff has eluded Defendant Jones at the cost of retrieving his minor children in a normal fashion without the use of a police escort.

19.

Since the assault, and subsequent harassment that occurred in both the state of Oregon and Idaho, Plaintiff has had to enlist the assistance of police escorts to retrieve his minor children

whom he possesses custody of. On January 18, 2006 and January 25, 2006 Canyon County Police escorts were utilized by Plaintiff to lawfully retrieve the minor children after Defendant Jones and his wife refused to allow Plaintiff to retrieve children. In one instance Defendant Jones and his wife tried to demand that if Plaintiff wanted his children back he must meet them at Anderson's Corner. Anderson's corner is a dark corner area that is not public and has no lights to assure the safety of Plaintiff or his minor children. There are not house in this country setting for over a quarter mile. Plaintiff feared for his and his children's safety and believed that the demand to meet at a remote location was a means to cause harm to Plaintiff. Upon denying the request the Defendant Jones and his wife refused to return the children until Plaintiff enlisted assistance from the Canyon County Sheriff's Office.

## SECOND CLAIM FOR RELIEF

### INTENTION INFLICTION OF EMOTIONAL DISTRESS

20.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 18.

21.

The behavior of Defendant Jones, including the continuous abuse and intimidation after Plaintiff had expressed how offensive it was to him through his attorney, indicates his intent to inflict severe emotional or mental distress on the Plaintiff. Defendant Jones took no steps to neither remedy the past abusive conduct perpetrated at his request nor assure Plaintiff that he would prevent future abuse. In fact, Defendant Jones by and through his representatives suggested that Plaintiff not enter the town of Parma, Idaho and refused Plaintiff his lawful right to retrieve his children.

22.

Defendants Jones, as a police officer, held a special relationship with the Plaintiff to support and uphold Plaintiff's court ordered custody. This relationship, though professional, invites the Plaintiff's trust and reliance on Defendant Jones.

23.

As a result of the extremely offensive and abusive behavior, Plaintiff suffered extreme emotional distress evidenced by anxiety, personal embarrassment and humiliation, trouble focusing at work, and increased stress. Moreover, to have the conduct as described perpetrated in front of Plaintiff's minor children exacerbated the effects of Defendant Jones' actions upon Plaintiff.

24.

The abusive and offensive comments and behavior, individually and collectively, amount to an extraordinary transgression of the bounds of socially tolerable conduct, and greatly exceeded any reasonable limits of social toleration.

## THIRD CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH PARENTAL RIGHTS

25.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23.

26.

Defendant Jones direct and indirect threats and intimidation kept Plaintiff from retrieving his minor children. Plaintiff did not consent to Defendant Jones' continued custody of the minor children. Defendant Jones interfered with Plaintiff's custodial rights by defying the order of custody and assisting Defendant Jones' wife's attempt to spirit the children away from Plaintiff.

27.

There is sanctity in the union of parent and child that transcends economies and deserves the utmost respect. This relationship is so intimately connected with the parent's person, Defendant Jones' intentional interference with Plaintiff's custody of his minor children injured Plaintiff and he is entitled to a remedy that completely compensates him.

## DAMAGES

28.

As a direct and proximate result of the assault and intimidation perpetrated by Defendant Jones upon him, Plaintiff has suffered stress, emotional distress and mental pain and suffering and adverse physical consequences resulting in a loss of work and normal enjoyment with his family.

29.

As a direct and proximate result of the assault and intimidation perpetrated by Defendant Jones upon him, Plaintiff has been subjected to public scorn, hatred, and ridicule and has suffered threats and intimidation against him and his physical safety. Plaintiff has also lost the ability to move freely in and around his hometown for fear of malicious arrest or harassment by Defendant Jones.

30.

As a direct and proximate result of the interference of Plaintiff's parental rights by Defendant Jones, Plaintiff has incurred special damages, including legal expenses.

31.

The assault and intimidation perpetrated by Defendant Jones upon Plaintiff was an intentional, criminal and tortious act.

32.

The conduct of Defendant Jones demonstrates willful, reckless and intentional criminal and tortious conduct and that entire want of care that raises a conscious indifference to consequences.

33.

At the appropriate time in this litigation, Plaintiff shall amend his complaint to assert a claim for punitive damages against Defendant Jones pursuant to ORS 18.535 in order to punish Defendant Jones for his actions and to deter Defendant Jones from repeating his criminal and tortious conduct.

WHEREFORE, Plaintiff demands:

(a) A trial by jury;

(b) That judgment be entered against Defendant, Jeremy Jones, for special damages and compensatory damages in an amount which shall be shown to be reasonable and just by the evidence and in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs;

(c) That all costs of this action be assessed against Defendant, Jeremy Jones, including all reasonable attorney's fees, costs and expenses of this action; and

(d) That Plaintiff be awarded all other such relief as this Court deems just and equitable.

Dated this 3rd day of February, 2006.

By /s/ Jennifer E. Yruegas
Jennifer E. Yruegas
Bar No.: 99406
503-866-1414
**Attorney for Plaintiff Hopkins**